UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
ZAQUAN WERTS,
          Plaintiff,

    v.

THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER BARTON,
75th Precinct,
NEW YORK CITY POLICE OFFICER JOHN DOE,
75th Precinct,
NEW YORK CITY POLICE OFFICERS
JOHN DOE NUMBERS ONE and TWO,
75th Precinct,
          Defendant(s).
------------------------------------------------------X

CV 13 6134
COMPLAINT &
JURY DEMAND

ROSS, J.

SCANLON, M.J.

## PRELIMINARY STATEMENT

1. This is a Civil Rights action in which the Plaintiff, ZAQUAN WERTS, seek redress for the Defendant's violation of his rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1983 and of his rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7. Plaintiff, ZAQUAN WERTS is a United States Citizen and resident of the United States, and is and at all times relevant herein a resident of the State of New York.

8. Defendants, NEW YORK CITY POLICE OFFICER BARTON, NEW YORK CITY POLICE OFFICER JOHN DOE and NEW YORK CITY POLICE OFFICERS JOHN DOES NUMBERED ONE and TWO upon information and belief, are all of the New York City Police Department's 75th Precinct, and are at all times relevant, officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendants, New York City Police Officer BARTON, NEW YORK CITY POLICE OFFICER JOHN DOE, and New York City Police Officers JOHN DOES Numbers ONE and TWO are sued individually and in their official capacities. At all times relevant Defendants New York City Police Officer BARTON, New York City Police Officer JOHN DOE and New York City Police

Officers JOHN DOES NUMBERED ONE and TWO were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendants New York City Police Officer BARTON, New York City Police Officer JOHN DOE and New York City Police Officers JOHN DOES NUMBERED ONE and TWO were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK at all times relevant herein with the power and authority vested in them as police officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by Defendant CITY OF NEW YORK and its Police Department.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers.

## STATEMENT OF FACTS

11. On October 26, 2011 at approximately 5:30 p.m., the Plaintiff left his residence located in Kings County in the vicinity of 1305 Loring Avenue, and proceeded to walk to a supermarket located across the street from his residence. As the Plaintiff was walking across the parking lot, he was approached by Defendant Officers JOHN DOE, JOHN DOE NUMBER ONE and JOHN DOE NUMBER TWO, who pulled up in a marked police car. Defendant Officer JOHN DOE ordered the Plaintiff, and two other individuals who were also walking through the parking lot, to "freeze". After complying with the order, the Plaintiff was physically searched in the parking lot by each Defendant Officer, JOHN DOE, JOHN DOE NUMBER ONE and JOHN DOE NUMBER TWO, first with a pat down search of the outer part of Plaintiff's clothing. Defendant OFFICER JOHN DOE NUMBER ONE proceeded to search inside the Plaintiff's jacket and pants pockets, and ordered the Plaintiff to open his mouth, whereupon the Defendant OFFICER JOHN DOE NUMBER TWO looked inside the Plaintiff's mouth. After being detained in the parking lot for approximately thirty minutes by Defendant OFFICERS DOE, JOHN DOE NUMBER ONE and JOHN DOE NUMBER TWO, another police car, an unmarked jeep, pulled up and upon information and belief, Defendant NEW YORK CITY POLCIE OFFICER BARTON, also of the 75th Precinct, exited and ordered Defendant OFFICER JOHN DOE to handcuff the Plaintiff. After approximately thirty minutes, the Plaintiff was transported to the 75th Precinct at approximately 6:00 p.m., where the Plaintiff was subjected to a more intrusive search by one of the Defendant DOE Officers, described as male white, approximately 5'8 ½", with black, spikey hair and a clean shaven face. Upon information and belief, this Defendant Officer proceeded to search the Plaintiff's genital area, physically putting his hands inside the

Plaintiff's pants an underwear. Prior to the Plaintiff being transported to Central Booking, Defendant OFFICER BARTON telephoned the Plaintiff's mother and instructed her to bring a form of Plaintiff's identification to the 75th precinct. The Plaintiff was subsequently transported to Central Booking at approximately 1:00 a.m., where the Plaintiff was subjected to another search of his person by members of the NEW YORK CITY POLICE DEPARTMENT, who proceeded to photograph and fingerprint the Plaintiff. The Plaintiff remained in the custody of the NEW YORK CITY POLICE DEPARTMENT until October 28, 2011 at approximately 10:00 p.m., when the Plaintiff was released from custody via a side door of Central Booking without ever speaking with an attorney or seeing a judge, after being held in custody for approximately fifty three hours.

## FIRST FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution-False Arrest**

12. Plaintiff incorporate by reference the allegations set forth in Paragraphs One (1) through Eleven (11) as if fully set forth herein.

13. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER BARTON, acting under color of State Law, violated section 42 U.S.C. 1983 by unlawfully arresting and detaining the Plaintiff, without probable cause.

14. That the actions of Defendant NEW YORK CITY POLICE OFFICER BARTON occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of The NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and

hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution-False Arrest, Unlawful search

15. Plaintiff incorporate by reference the allegations set forth in Paragraphs One (1) through Fourteen (14) as if fully set forth herein.

16. That upon information and belief, the conduct of Defendant Officers JOHN DOE, JOHN DOE NUMBERS ONE and TWO, acting under the color of State Law, violated Section 42 U.S.C. 1983 by conducting the unlawful searches, arrest and detention of Plaintiff.

17. That the actions of Defendant Officers JOHN DOE and JOHN DOE NUMBERS ONE and TWO occurred in and during the course and scope of their duties and functions as New York City Police Officers, and while acting as agents and employees of The NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiffs.

## THIRD FEDERAL CLAIM

### Violation of Rights secured by section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution-Unlawful Search and Seizure

18. Plaintiff incorporate by reference each of the allegations set forth in Paragraphs One (1) through Seventeen (17) as if fully set forth herein.

19. That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICERS JOHN DOE, JOHN DOE NUMBER ONE and JOHN DOE NUMBER TWO, acting under the color of State Law, violated Section 42 U.S.C. by conducting the unlawful fingerprinting

and photographing of Plaintiff, without basis in law or fact.

20. That the actions of Defendant NEW YORK CITY POLICE OFFICERS JOHN DOE, JOHN DOE NUMBERS ONE and TWO, occurred in and during the scope of their duties and functions as New York City Police Officers, and while acting as agents and employees of The NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIRST STATE LAW CLAIM

21. Plaintiff incorporate by reference the allegations contained in Paragraphs One (1) through Twenty (20) as if fully set forth herein.

22. That the actions of Defendant NEW YORK CITY POLICE OFFICER BARTON resulted in the false arrest, detention and searches of Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND STATE LAW CLAIM

23. Plaintiff incorporate by reference the allegations contained in Paragraphs One (1) through Twenty Two (22) as if fully set forth herein.

24. That the actions of Defendant NEW YORK CITY POLICE OFFICER BARTON resulted in the intentional infliction of emotional distress to Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD STATE LAW CLAIM

25. Plaintiffs incorporate by reference the allegations contained in Paragraphs One (1) through Twenty Four (24) as if fully set forth herein.

26. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training,

screening, supervising and/or instructing Defendant New York City Police OFFICER BARTON resulted in the false arrest, detention and searches of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## FOURTH STATE LAW CLAIM

26. Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Five (25) as if fully set forth herein.

27. That the actions of Defendants New York City Police Officers JOHN DOE, JOHN DOE NUMBER ONE and JOHN DOE NUMER TWO resulted in the false arrest, detention and searches of Plaintiff, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIFTH STATE LAW CAISE OF ACTION

28. Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Twenty Seven (27) as if fully set forth herein.

29. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendants New York City Police Officers JOHN DOE, JOHN DOE NUMBERS ONE and TWO resulted in the false arrest, detention, searches and seizure of the Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SIXTH STATE LAW CLAIM

30. Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Twenty Nine (29) as if fully set forth herein.

31. That the actions of Defendant New York City Police Officer JOHN DOE, JOHN DOE NUMBERS ONE and TWO intentionally inflicted emotional distress upon Plaintiff, causing Plaintiff to suffer severe anxiety, public humiliation and embarrassment.

## SEVENTH STATE LAW CLAIM

32. Plaintiff incorporates by reference each of the allegations contained in Paragraphs One 91) through Thirty One (31) as if fully set forth herein.

33. That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE OFFICER BARTON in effectuating the arrest, detention and searches of the Plaintiff without probable cause, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## EIGHTH STATE LAW CLAIM

34. Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Three (33) as if fully set forth herein.

35. That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant New York City Police Officers JOHN DOE, JOHN DOE NUMBERS ONE and TWO, in conducting the unlawful detention, searches and arrest of Plaintiff without legal necessity or probable cause, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severably against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendant New York City Police Officer BARTON of the 75th Precinct

3. Punitive Damages against Defendant New York City Police Officer JOHN DOE of the 75th Precinct.

4. Punitive Damages against Defendant New York City Police Officers JOHN DOE NUMBERS ONE and TWO of the 75th Precinct.

5. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

6. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: February 1, 2013

VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff
11 Park Place, Suite 600
New York, NY 10007
(212) 227-7373